**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2085
_____

IN RE: JOSE TORRES,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Crim. No. 2-20-cr-00418-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 29, 2023
Before:  JORDAN, CHUNG, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: July 14, 2023)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Jose Torres seeks a writ of mandamus.  Because Torres has not

demonstrated that he is entitled to such relief, we will deny his petition.

In February 2020, Torres was charged through a criminal complaint in the United

States District Court for the District of New Jersey with two counts of Coercion and

Enticement in violation of the Mann Act (18 U.S.C. § 2422(a)).  In subsequent

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

superseding indictments, Torres was charged with four additional counts of Coercion and Enticement. The indictments alleged that Torres knowingly persuaded, induced, enticed, and coerced six different individuals to travel in interstate commerce to engage in prostitution and sexual activities between May 2015 and October 2019. Those charges are currently pending in the District Court.

On March 5, 2021, Torres filed a counseled motion to reopen his detention hearing, arguing, among other things, that Assistant United States Attorney ("AUSA") Emma Spiro had a conflict of interest because she was previously employed by the law firm representing several of the alleged victims in his case. See ECF No. 85. The Government opposed the motion and submitted a letter from an ethics advisor to the U.S. Attorney's Office, contending that there was no conflict of interest. See ECF No. 88. The District Court agreed with the Government and denied Torres's conflict motion and his motion to reopen the detention hearing.

On August 20, 2022, after filing various pro se motions that the District Court did not entertain, Torres filed a pro se motion to proceed under hybrid representation, or alternatively, to proceed pro se with standby counsel. See ECF No. 174. The District Court granted Torres's motion to the extent that he sought to proceed pro se with standby counsel, directed him to submit all pro se filings to chambers for screening, and appointed a special master to screen his pro se filings. See ECF Nos. 232, 233. Torres thereafter filed numerous motions and letters, several of which were barred or partially redacted by the special master for non-compliance with governing rules. In light of the

volume of Torres's submissions, his failure to abide by the District Court's order and applicable rules, and the delay to the proceedings that he caused, the District Court sua sponte reconsidered and reversed its decision allowing him to proceed pro se. See ECF No. 295.[1]

Torres has filed a pro se petition for a writ of mandamus in this Court arguing that the District Court erred in denying his motion to disqualify AUSA Spiro and in reversing its decision allowing him to proceed pro se. He contends that, based on those errors, he is entitled to a writ ordering the District Court to dismiss the criminal case against him or, alternatively, to reinstate his pro se status, disqualify AUSA Spiro, vacate all orders and opinions entered by the District Court, and assign the case to another District Judge.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).

---

[1] Through counsel, Torres filed a notice of appeal as to that order; that appeal is pending in this Court. See C.A. No. 23-1913.

Mandamus relief is not appropriate here. First, as to his argument that the District Court erred in reversing its decision allowing him to proceed pro se, Torres has not shown that he has no other adequate means of relief. See United States v. Peppers, 302 F.3d 120, 127-37 (3d Cir. 2002) (reviewing on direct appeal an order denying self-representation and remanding for a new trial); see also Flanagan v. United States, 465 U.S. 259, 267-68 (1984) ("post-conviction review of a disqualification order is fully effective to the extent that the asserted right to counsel of one's choice is like, for example, the Sixth Amendment right to represent oneself").

While the Supreme Court has not ruled out the use of mandamus to challenge orders denying disqualification of counsel in exceptional circumstances, see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 378 n.13 (1981), Torres has not shown that his right to a writ of mandamus to compel disqualification of the prosecuting attorney (or to obtain other relief) is "clear and indisputable." In re Pressman-Gutman Co., Inc., 459 F.3d 383, 401-02 (3d Cir. 2006). The Government explained in the District Court that AUSA Spiro obtained specific authorization to work on this case from the General Counsel of the Executive Office for United States Attorneys, see 5 C.F.R. § 2635.502, despite her previous employment at the firm now representing some of the alleged victims.[2] The District Court accordingly determined that she took all actions necessary to

---

[2] The scope of this alleged representation is unclear from the existing record. Torres appears to believe that the firm, Sher Tremonte, will assist the alleged victims in seeking restitution and filing civil suits against him in the event that he is convicted of the present charges.

4

comply with applicable regulations, that she no longer had a financial relationship with the firm, and that her involvement in the case did not create a conflict or the appearance of impropriety.

Torres nevertheless contends that AUSA Spiro violated the "revolving door" restriction within the Ethic Commitments by Executive Branch Personnel, which precludes a government appointee, for a period of two years after his or her appointment, from participating in matters in which the appointee's former employer represents a party. See 74 Fed. Reg. 4,673 (Jan. 21, 2009). But Torres has not made the requisite showing that this restriction is implicated here, where AUSA Spiro's former employer is not representing a party in the criminal case. See United States v. Stoerr, 695 F.3d 271, 276 (3d Cir. 2012) (explaining that crime victims are not "parties" to criminal proceedings). He has accordingly not met the demanding standard of showing that his right to a writ of mandamus overriding the District Court's exercise of discretion is clear and indisputable. See In re Pressman-Gutman, 459 F.3d at 402-03. The same is true regarding Torres's remaining contentions relating to AUSA Spiro's alleged conflicts of interest based on the appearance of impartiality or unethical behavior.[3]

Finally, to the extent that Torres seeks recusal of the District Judge, he has not shown that a reasonable person would question the impartiality of the District Judge. See

---

[3] We note that in denying this mandamus petition, we are not affirming the District Court's order. "Rather, we are holding only that [Torres's] claim for issuance of the writ is not 'clear and indisputable,' and our holding is not intended to prejudice a later appeal, if there is one, after entry of final judgment." In re Pressman-Gutman, 459 F.3d at 403.

28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  Nor has he shown that any of the circumstances enumerated in § 455(b) are present here.  See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  Thus, we will deny Torres's petition.